MARGARET CONNERS, Complainant, Appellee,

*vs.*

THOMAS G. OSBORN et al., Defendants, Appellants.

APPEAL IN EQUITY FROM THE CIRCUIT COURT OF MILWAUKEE COUNTY.

The term of thirty days in which to plead, answer or demur prescribed by the statute, has reference only to the return of process. Subsequent pleadings are subject to such general or special rules as the circumstances of the case require

Where the default of the defendant for failing to answer, is set aside on the payment of costs *to be taxed,* it is the duty of the party to whom costs are awarded, to furnish his bill, or procure his costs to be taxed.

*Yates,* for the complainant, appellee.

*Mariner,* for the defendants, appellants.

*By the Court,* SMITH, J.   On an examination of the record in this case, it seems that an appeal was taken from two orders, severally.   The one under consideration is the order of November 1, 1855, denying the application of the defendants to pay costs, in compliance with a former order of the court, as a condition for setting aside a default.   The case having been before taken to this by appeal from an order of the court below, sustaining a demurrer to the complainant's bill, which having been affirmed and the cause remanded, the complainant was allowed to amend his bill, and the defendants were allowed to answer such amended bill within twenty days.   This order not having been complied with within the time limited, the default of the defendants was entered, and the bill ordered to be taken as confessed.

The defendants now contend that this order was irregular, for the reason, that on the filing of the remittitur from this court, the parties were in the same situation, so far as pleading was concerned, as on the return of process, and hence the time for answering should not have been less than thirty days, as in such case is provided by statute.   But this cannot be so.   The statute

Conners vs. Osborn et al.

has reference only to the *return* of process, and for that occasion prescribes the time within which the defendant may be required to plead, answer or demur. The defendant had the benefit of this rule, and under its provisions did demur. Afterwards all subsequent pleadings are subject to the general or special rules of the court, as the circumstances of the case may require.

On the 6th day of October, 1855, the court below made the following order:

"On reading and filing the affidavit, filed on the 21st day of September, in this term, it is ordered that the decree *pro confesso* filed on the 8th day of September, be, and the same is hereby set aside at the costs of the defendants to be *taxed*. Ordered further, that on payment of *said* costs within ten days from the date of this order, said defendants have leave to file their answer to complainants bill; but in case of a failure of said defendants to pay such bill of costs, or to file their answer within the time limited herein, that said decree *pro confesso*, be, and the same *shall* be restored as if this order had not been made."

On the 15th day of November, 1855, the foregoing order was extended six days on account of the illness of E. Mariner, solicitor for the defendants.

On the 20th of October, and within the time as extended, the answer of the defendants was filed.

On the 1st day of November, appears the next order made in the case, which is as follows:

November 1st, 1855, and now came the defendants Haydn and Osborn, by E. Mariner, their solicitor, and offered to pay the costs provided to be paid by the order of this court of October 6th, which motion being opposed by P. Yates, Esq., solicitor for the complainant; and it appearing to the court that the order of the 6th of October aforesaid, was not complied with according to the terms thereof, the said motion of the defendants is denied; thereupon it is ordered by the court that the complainant have final decree upon the pleadings and proofs in this cause.

This last order is the one appealed from, and which is the subject of consideration now before us.

The order of the 6th of October, 1855, set aside the default of the 8th of September, and gave leave to the defendants to file their answer within ten days, on the payment within that time

of the costs *to be taxed*. This time was again extended six days on account of the sickness of the solicitor, E. Mariner, Esq. Within the time thus extended, the answer of the defendants was filed, but the costs which were, by the order, to be taxed and paid, were not paid. If the defendants were not in default of the order of the 6th of October, in consequence of the non-payment of the *costs to be taxed*, then the answer was filed in time, and there is no occasion now to look into it to ascertain whether or not it discloses a good defence. The default of the defendants, if any there be, consists in not paying the costs within the time as extended, which time expired with the 21st day of October, 1855.

Now, as the order of the 6th of October was setting aside the default on payment of the costs to be taxed, and further, as on the payment, within ten days, of the costs *to be taxed*, leave was granted to file the answer, and in case of the failure to pay within the time limited, the costs so to be taxed, the former order was to be restored, it becomes an important question to be determined, by whom the costs so required to be paid on taxation, were to be taxed; or in other words, whose duty was it to get the costs, required to be paid, taxed; in order that the failure of the party to pay the sum as taxed, might justify a restoration of the former order for a decree *pro confesso?*

All courts, but more especially courts of equity, naturally desire to have the cases submitted to them, determined upon the merits, upon a full hearing of all the parties interested. Nevertheless, rules of practice, designed to bring the parties with their complaints and defences fully and fairly, and in proper order before the court, cannot be dispensed with; and a reasonable adherence to such rules ought to be insisted upon and enforced. The penalty of costs imposed by the court below, as a condition for continuing in force the order setting aside the default, was designed to compensate the complainant for the loss she may have sustained in consequence of the negligence or misfortune of the defendants; as well, perhaps, as to test the fidelity of the defence sought to be interposed. To that end, and for such purpose, are costs in such cases awarded. If, therefore, the party to whom such costs are awarded for such delinquency or misfortune of the opposite party, desires to avail himself of the

benefits of an order so made, he has only to get the costs taxed according to the regular rules of practice. The opposite party may well be supposed to be himself unable to tax the costs of his adversary. How can he know what items to tax, or how can the taxing officer know what items to allow, unless the party to whom costs are awarded furnish his own bill? If the court had made the payment of a specific amount within the prescribed time, a condition for setting aside the default, or the non-payment of which a contingency on which the former order would be restored, the terms would be clear, and the duty of the defendants plain. But when the condition or contingency is, that one party shall pay the other the "costs to be taxed," it clearly becomes the duty of the party to whom costs are awarded to procure the taxation and serve his bill, because in no other way can the costs to be paid be fairly ascertained; as the one party cannot be supposed to have the means of taxing costs awarded to the other. It was, therefore, as we think, the duty of the complainant, in case she desired to avail herself of that part of the order of the 6th of October, to have procured her bill of costs to be taxed, and proper notice thereof to be given to the party required to pay the same.

There was some confusion on the argument, in regard to the order appealed from, as the record shows two appeals to have been taken. It may not, perhaps, be proper to allude to the other order mentioned in the briefs, discharging the *prochien ami*, and substituting a security for costs; and on the whole it is deemed best to suspend all comments thereon, until the appeal from that order is regularly noticed and brought on for argument and decision, provided it ever can be.

We are of the opinion that inasmuch as the defendants' answer was filed in time, and as the amount of costs to be paid the other party depended upon taxation, it was the duty of the party to whom the costs were so awarded to procure the same to be taxed, and her failure do so was a waiver of that part of the order.

It is not necessary, as we understand the practice in cases of this kind, to consider whether, under *the circumstances*, the offer of the defendants to pay the costs on the 1st day of November, was such a reasonable compliance with the order as to have required

the court to accept the same as such, or not. Had the complainant caused the costs to be taxed, the amount to be ascertained, and the defendants had neglected or refused to pay the same in pursuance of the order, a different question would have been presented, and we might, in such case be called upon to consider the illness of the solicitor, and to look into the answer to discover the degree and nature of the defence thereby proffered.

We have examined the cases of *Southerland vs. Sheffield* (2 *Wend.* 293), and *Hoadly vs. Cuyler* (10 *Wend,* 593), but we do not regard them precisely in point. Those were cases at law, and the order of the court was to set aside the proceedings upon the payment of costs. There was no order of the court to tax the costs. Here the order is, "that the decree *pro confesso be, and the same hereby is,* set aside at the costs of the defendants, *to be taxed.*" The defendants were not bound to pay any costs but such as were duly taxed. There was no occasion for them to seek their adversary and demand a taxed bill, because the order provided for the taxation of the bill, and it was the duty of the complainant to tax the bill in conformity with the order, without waiting for a demand to that end by the defendants. This is matter of practice, it is true, but if our views be correct, the defendants were not in default, and hence the order for a final decree of November 1, 1855, was erroneous.

Order reversed and cause remanded.